### WETMORE v. WOODBRIDGE.

Motion for auditors in an assumpsit, on the ground that it was substantially an action of account, overruled by the court.

THIS was an assumpsit, in which the plaintiff declared, that the defendant received of him sundry articles of merchandise, which he promised to dispose of to the use of the plaintiff, and account with the plaintiff therefor when requested:    That the defendant had disposed of the articles, but refused to account.

The general issue was pleaded, and a verdict for the plaintiff.

Mr. R. Griswold, for the defendant, moved in arrest of judgment;—

1. For the insufficiency of the declaration:

2. That the issue joined is immaterial:

3. That the verdict finally determines the damages in the action, which is in substance an action of account, and the party is deprived of a hearing before the auditors.— But,

Wetmore v. Woodbridge.

By the whole COURT.    The declaration states, that the defendant received certain goods of the plaintiff to sell for his use, and account; and in consideration thereof promised to sell them for the plaintiff's use, and to account with him; which he has failed to do, to the plaintiff's damage, etc. The defendant has taken issue on the promise; which put the whole declaration on proof, and the issue is found against him.— He cannot therefore now say the issue is immaterial, nor avail himself of any informality of surplusage in the declaration.— Whether the defendant might have taken issue in a different manner; whether it would have been sufficient for him to have plead that he was not receiver (as his counsel contended) and thereby, in case the issue had been found against him, have let himself into account on his oath, according to the provision of the statute, is not necessary to determine.— The motion in arrest is therefore insufficient.

The defendant's counsel then made a written motion for the appointment of auditors, on the ground that the action was substantially an action of account, and that the plaintiff should not, by changing his action, deprive the defendant of his legal right to disclose on oath the disposition of the plaintiff's property, and to show that he was not in arrear.

But the motion was overruled by the court, on the ground that there was a promise to account, and the plaintiff had his election to bring assumpsit or account.